STATE OF MAINE
KENNEBEC, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-2017-27

EMMANUEL QUAQUA,

        Petitioner

    v.

MAINE UNEMPLOYMENT
INSURANCE COMMISSION,

        Respondent

DECISION AND ORDER

## INTRODUCTION

This matter is before the court on an appeal by Emmanuel Quaqua (Claimant) from the decision of the Maine Unemployment Insurance Commission (Commission) which dismissed, for lack of jurisdiction, the Petitioner's appeal of an administrative Hearing Officer's ruling denying him unemployment compensation benefits on the ground that he refused to accept an offer of suitable employment. This appeal has been brought in accordance with 26 M.R.S. §1194 (a), 5 M.R.S. §§1101-1108 (Administrative Procedure Act), and M.R.Civ.P. 80C.

## THE DECISIONS BELOW

In a Deputy's decision dated February 8, 2017, the Petitioner was awarded benefits from December 11, 2016.[1] The employer (Goodall Landscaping, Inc.)

---

[1] In the Deputy's Decision, it is asserted that the employer did not participate in the Telephone Fact Finding Interview. (Record, hereinafter "R," at 34). At the subsequent hearing before the Administrative Hearing Officer, the employer

filed a timely appeal. A telephone hearing was scheduled for March 6, 2017 at 2:00 p.m. (R. at 32). The notice of hearing was provided to both the Petitioner and the employer and listed the telephone contact numbers for each of them. The notice informed the parties that they would be called "within 15 minutes of the scheduled hearing time," and that if the correct telephone number was not listed, "please inform us of your correct number by calling . . . . at *least,* **ONE WORKING DAY PRIOR TO** the time of your hearing." (*Id.*) (emphasis in original). The notice also expressly stated that the "unavailability of a party at the time the Hearing Officer places a call to the party's telephone number," would be treated as "a failure to appear and may result in dismissal of the appeal." (*Id.*) Finally, the notice, in bold letters, stated: "**Failure to appear at the hearing may result in dismissal of the appeal, denial of benefits, increased unemployment insurance taxes and loss of any right of further legal review.**" (*Id.*)

On the day and at the time scheduled for the hearing, (March 6, 2017 at 2:00 p. m.), the Hearing Officer called both the employer and the Petitioner. The Petitioner did not answer, but the following message was received by the Hearing Officer: "I'm sorry, but the person you called has a voicemail that has not been set up yet. Goodbye." (R. at 17). Thereafter, the hearing continued with the employer's representative providing testimony. The Petitioner did not call in to the hearing and the evidence was closed and the hearing concluded at 2:21 p. m. (R. at 30).

In a decision dated and mailed on March 10, 2017, the Hearing Officer found that the Petitioner had refused to accept an offer of suitable work within the meaning of 26 M.R.S. §1193(3) and was, therefore, disqualified from benefits. (R. at 11). The Hearing Officer found that the Petitioner had been erroneously

---

disputed this and claimed that she had called the Deputy and left a voice message for him but he did not return her call. (R. at 27).

awarded benefits in the amount of $3,432.00 that constituted an overpayment, "which must be repaid." (R. at 12).

The Petitioner filed a timely appeal to the Commission. (R. at 8). In his statement of reasons for the appeal, he wrote:

> I talked to someone from the State that called from a career center that day but never the deputy for the appeals hearing. I would very much like to dispute some 'facts' from my former employer.

(R. at 8).

In a Decision dated April 28, 2017, the Unemployment Insurance Commission dismissed the appeal on the basis that it lacked jurisdiction to consider it because the Petitioner had failed to appear at the telephone hearing held on March 6, 2017 at 2:00 p.m., and he had not shown "good cause" for his failure to appear. (R. at 1-5).

The Petitioner filed a timely appeal to this court on May 26, 2017. Briefing was completed on September 18, 2017. The State waived oral argument. The Petitioner could not be reached to determine his position regarding oral argument.

## STANDARD OF REVIEW

The Law Court has recently reaffirmed the principle that judicial review of administrative agency decisions is "deferential and limited." *Passadumkeag Mountain Friends v. Bd. of Envtl. Prot.*, 2014 ME 116, ¶ 12, 102 A.3d 1181 (quoting *Friends of Lincoln Lakes v. Bd. of Envtl. Prot.*, 2010 ME 18, ¶ 12, 989 A.2d 1128). The court is not permitted to overturn an agency's decision "unless it: violates the Constitution or statutes; exceeds the agency's authority; is procedurally unlawful; is arbitrary or capricious; constitutes an abuse of discretion; is affected by bias or error of law; or is unsupported by the evidence in the record." *Kroger v Departmental of Environmental Protection*, 2005 ME. 50, ¶ 7, 870 A.2d 566. The party seeking to vacate a state agency decision has the burden of

3

persuasion on appeal. *Anderson v Maine Public Employees Retirement System*, 2009 ME. 134, ¶ 3, 985 A.2d 501.

This court must examine "the entire record to determine whether, on the basis of all the testimony and exhibits before it, the agency could fairly and reasonably find the facts as it did." *Friends of Lincoln Lake v Board of Environmental Protection*, 2001 ME. 18 ¶13, 989 A. 2d 1128. In the context of the Claimant's appeal from the decision of the Maine Unemployment Insurance Commission, this court reviews the administrative record to determine if the Hearing Officer's findings of fact are supported by "substantial evidence" and whether it correctly applied the law to the facts. *McPherson v Maine Unemployment Insurance Commission*, 1998 ME. 177, ¶6, 714 A.2d 818. The court may not substitute its judgment for that of the agency's on questions of fact. 5 M.R.S. § 11007(3). Determinations of the believability or credibility of the witnesses and evidence, supported by substantial evidence on the record, should not be disturbed by this court. *Cotton v Maine Employment Security Commission*, 431 A. 2d 637, 640 (Me. 1981).

In this case, the issue before the court is whether the Commission committed an error of law in dismissing the appeal for lack of jurisdiction.

## DISCUSSION

Pursuant to 26 M.R.S. §1194(3), a claimant may appeal to the Commission from a Hearing Officer's decision "provided that the appealing party appeared at the hearing and was given notice of the effect of the failure to appear in writing prior to the hearing." The Commission is authorized to hear an appeal notwithstanding the failure of a party to appear at an administrative hearing, if the claimant shows good cause for the non-appearance. If the Commission finds good cause, it may reach the "underlying substantive issues." *Rules Governing the*

4

*Administration of the Employment Security Law,* Ch. 5, §1(B)(1)(c). Conversely, if the Commission determines that good cause did not exist for the party's non-appearance, "no evidence will be taken on the substantive issues, which will have been rendered moot." Ch. 5, § 1(B)(1)(d).

Good cause is defined as follows:

> For the purpose of the Employment Security Law and regulations, the Commission determines that 'good cause' shall be when the unemployed individual is ill, or when illness of the unemployed individual's spouse or children, or parents, or stepparents, brothers or sisters, relatives who have been acting in the capacity of a parent of either the claimant or spouse, require his or her presence; or he or she is in attendance at a funeral of such relative; or required by religious conviction to observe a religious holiday; or required by law to perform either a military or civil duty; or other cause of a necessitous and compelling nature. Incarceration as a result of a conviction for a felony or misdemeanor is excluded from the definition of 'good cause."

Ch. 1.1(T).

The Commission found that the Petitioner was given written notice, prior to the hearing, of the potential consequences of failing to appear at the administrative hearing. It also found that the Petitioner's explanation for his non-appearance was not sufficient to constitute "good cause."

The court agrees that the Commission's findings and conclusions are supported by the facts and evidence in the record, and was in conformance with the statutes and rules governing the Employment Security Law.

## CONCLUSION

For the foregoing reasons, therefore, the decision of the Maine Unemployment Insurance Commission finding that it lacked jurisdiction to hear the Petitioner's appeal is affirmed and the Petitioner Rule 80C appeal to this court is DENIED.

5

The clerk is directed to incorporate this Order by reference in the docket in accordance with M.R. Civ. P. 79(a).

DATED:  January 5, 2018.

William R. Stokes
Justice, Maine Superior Court